IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-21277-KING

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

$1,370,851.62 IN UNITED STATES
CURRENCY, SEIZED FROM TOTAL
BANK ACCOUNT NO. 0716331106,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Claimant Coin S.A., LLC's ("Coin") Motion to Dismiss the Government's Second Amended Verified Complaint ("Complaint") (DE #48). After careful consideration and for the reasons detailed below, the Court determines that Coin's Motion should be **DENIED**.

I.    **Factual Allegations**

The Government's Complaint seeks *in rem* forfeiture of $1,370,851.62 and contains the following allegations.[1] Coin is a licensed "Casa de Cambio," or money exchange house, in Honduras. Coin has customers in Honduras who use Coin as a means of exchanging Honduran lempiras into U.S. dollars. The customers then request that payment be made in U.S. dollars to

---

[1] The Government's original Amended Complaint (DE #13) was dismissed by this Court for failure to state a claim under the heightened pleading standards of Supplemental Rule G(2)(f) (DE #42). The Government thereafter filed a Second Amended Complaint (DE #43), and Coin again filed the instant Motion to Dismiss (DE #48). The Government has responded (DE #51).

1

their U.S. suppliers. Coin then wire transfers the equivalent amount of funds from Coin's American bank account to those suppliers on behalf of its customers. Coin receives compensation for making these payments, and that compensation is wire-transferred back into Coin's American bank account.

Utilizing the above format, between July 2008 and August 2008, Coin transferred approximately $1.4 million from its American bank account to third-party suppliers in the United States, on behalf of its Honduran customers. Paragraphs 34-44 of the Complaint provide the specific dates, amounts, names of customers, and names of recipients of several of such wire transfers. Finally, the Complaint alleges that Coin was not registered or licensed as a money transmitter with the State of Florida.

## II.   Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

For *in rem* forfeiture cases, however, the pleading standard is heightened. Specifically, Supplemental Rule E(2)(a) states:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Moreover, Rule G(2)(f) states: "The Complaint must: . . . state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

### III. Analysis

The Government's Forfeiture allegations claim that Coin has violated 18 U.S.C. § 1960, which prohibits the operation of an unlicensed money transmitting business. Section 1960(b) defines "unlicensed money transmitting business" as follows:

> (b)(1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—
> (A) is operated without an appropriate transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable.

Section 1960(b)(2) defines "money transmitting" as follows:

> (b)(2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

Florida Statute § 560.125 makes it unlawful for a person who is not a "registered money transmitter" to engage in the business of a money transmitter, and Florida Statute § 560.204(1) requires a person to obtain a license before engaging in money transmitting. Thus, 18 U.S.C. § 1960 prohibits, and subjects to forfeiture any funds that were involved in, certain operations that are illegal under state law. Florida law, in turn, makes it illegal to operate as a money transmitter without being registered as such. Therefore, on its face, the Complaint sufficiently states facts

3

which, if true, show that Coin was operating as money transmitting business without a license under Florida law, which is a violation of 18 U.S.C. § 1960.

Coin makes two principle arguments in response. First, Coin argues that it is not a money transmitter because it uses its own funds to pay the third-party suppliers, and therefore it should be considered a lender. However, this argument is not appropriate for a motion to dismiss because it raises facts outside the Complaint. At later stages in this litigation, Coin will have an opportunity to prove those facts, but at this point the Court must accept all allegations in the Complaint as true. Second, Coin repeats the same argument from its first Motion to Dismiss that the Government has not alleged enough facts with particularity to comply with the heightened pleading standard for *in rem* forfeiture cases. The Court agreed with Coin's argument in its first Motion to Dismiss because the Government, although it had alleged that Coin was engaging in an unlicensed money transmitting operation, had not described the specific instances of money transmitting which formed the basis of its forfeiture claim. That is, the Government had not given Coin enough information to "commence an investigation of the facts and to frame a responsive pleading." *See* Supplemental Rule E(2)(a). In its Second Amended Verified Complaint, however, the Government describes with particularity the exact instances of money transmitting that form the basis of the Complaint. Moreover, the Government has sufficiently alleged that Coin engaged in the business of money transmitting without a license, which is a violation of Florida law, and, therefore, 18 U.S.C. § 1960. Hence, the Complaint states sufficient facts to survive a Motion to Dismiss.

IV.   **Conclusion**

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that:

4

1. Coin's Motion to Dismiss (DE #48) is hereby **DENIED**.

2. Coin shall file an Answer **on or before November 6, 2009.**

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 21st day of October 2009.

                                           JAMES LAWRENCE KING
                                           UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff**
Arimentha R. Walkins
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-961-9091
Fax: 305-536-7599
Email: arimentha.walkins@usdoj.gov mailto:arimenta.walkins@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Defendant**
David B. Rothman
Rothman & Associates, P.A.
200 S. Biscayne Blvd.
Suite 2770
Miami, FL 33131
305-358-9000
Fax: 305-374-5747
Email: DBR@rothmanlawyers.com
ATTORNEY TO BE NOTICED

Jeanne T. Melendez
Rothman & Associates, P.A.
200 S. Biscayne Blvd.
Suite 2770
Miami, FL 33131
305-358-9000

Fax: 305-374-5747
Email: jtm@rothmanlawyers.com
ATTORNEY TO BE NOTICED

Ian Michael Comisky
Blank Rome
One Logan Square
Philadelphia, PA 19103
215-569-5500
Fax: 215-832-5352
Email: icomisky@blankrome.com mailto:Icomisky@blankrome.com
ATTORNEY TO BE NOTICED